UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD PAYNE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  3:21-cv-209 |
| EQUIFAX INFORMATION SERVICES LLC, and NATIONSTAR MORTGAGE LLC, | § § § § § § § § | With Jury Demand Endorsed |
| Defendants. | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Edward Payne ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

**I.  INTRODUCTION**

1. One of the Defendants is a consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage LLC, is a furnisher of consumer information. Both Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage LLC is also liable for violating the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e).  Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Edward Payne, is natural person, residing in Scottsville, VA, and is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a

"person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. Nationstar Mortgage, LLC is a servicer as defined by RESPA, 12 U.S.C. v 2605(i)(2).

6. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax.

### III. JURISDICTION AND VENUE

7. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

8. Venue is proper in this district, because Defendants transact business in this district, Nationstar's headquarters is located in this district, a substantial part of the conduct complained of

occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas. 28 U.S.C. § 1391.

9. Venue is further proper in this District because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage(s) from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV. FACTUAL ALLEGATIONS

10. On or around November 2006, Plaintiff secured a mortgage for his primary residence, which was later transferred to Nationstar Mortgage LLC, and was assigned a loan number ****9191 hereinafter ("Nationstar Mortgage").

11. On or around December 2, 2014, Nationstar reclaimed the property by and through the foreclosure process.

12. Sometime in October of 2020, Plaintiff pulled his credit reports for Equifax, Experian, Trans Union, and Innovis and noticed they were not accurately reporting his Nationstar Mortgage.

13. A redacted copy of Plaintiff 's tri-merge credit report with his Equifax, Experian and Trans Union consumer files is attached hereto as Exhibit "A".

14. Within the Equifax credit report in Plaintiff's tri-merge report, Plaintiff noticed that

the tradeline for the Nationstar Mortgage was reporting inaccurately with the account still listed as open, a balance owed, and an inaccurate late payment history after a foreclosure.

15.     Within the Experian credit report in Plaintiff's tri-merge report, Plaintiff noticed that the tradeline for the Nationstar Mortgage was reporting inaccurately with the account still listed as open, a balance owed, and an inaccurate late payment history after a foreclosure.

16.     Within the Trans Union credit report in Plaintiff's tri-merge report, Plaintiff noticed that the tradeline for the Nationstar Mortgage was reporting inaccurately with the account still listed as open, a balance owed, and an inaccurate late payment history following a foreclosure.

17.     Within the Innovis credit report, Plaintiff noticed that the tradeline for the Nationstar Mortgage was reporting inaccurately stating a balance was still owed.

18.     All four CRA Defendants were reporting inaccurately because Plaintiff's Nationstar Mortgage account had been foreclosed upon, was closed, and there was no balance owed to Defendant Nationstar.

19.     In November 2020, Plaintiff disputed the reporting of his Nationstar mortgage accounts with Equifax, Experian, Trans Union, and Innovis directly. Plaintiff requested that under the FCRA, each CRA conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar Mortgage.

20.     Redacted unsigned copies of the Plaintiff's disputes letters to Equifax, Experian, Trans Union and Innovis are attached hereto as Exhibits "B," "C," "D," and "E" respectively.

21.     On December 17, 2020, Equifax responded to Plaintiff. In its response letter, Equifax made no changes to the Nationstar Mortgage tradeline and offered no explanation.

22.     A redacted copy of Equifax's response to Plaintiff is attached hereto as Exhibit "F"

and incorporated herein by reference.

23. Equifax's response was inappropriate and inaccurate because Plaintiff had been foreclosed upon, was closed, and there was no balance owed to Defendant Nationstar, and he provided proof of the same to Equifax.

24. Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and Equifax failed to remedy the inaccuracies within the Nationstar tradeline.

25. Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

26. Upon Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

27. In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

28. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

29. On December 18, 2020, Experian responded to Plaintiff by fixing the disputed reporting issues with the Nationstar Mortgage tradeline. As such, Plaintiff is not bringing a claim against Experian in this action.

30. On December 1, 2020, Trans Union responded to Plaintiff by fixing the disputed

reporting issues with the Nationstar Mortgage tradeline. As such, Plaintiff is not bringing a claim against Trans Union in this action.

31. On December 29, 2020, Innovis responded to Plaintiff by fixing the disputed reporting issues with the Nationstar Mortgage tradeline. As such, Plaintiff is not bringing a claim against Innovis in this action.

32. In November 2020, Plaintiff sent a qualified written request ("QWR") and notice of error under Section 6 of the Real Estate Settlement Procedures Act ("RESPA") directly to Nationstar.

33. Plaintiff sufficiently identified himself as a borrower and asked Nationstar to investigate its servicing of the account and accuracy of information being furnished to the CRAs regarding the Nationstar mortgage. Plaintiff also asked Nationstar to provide specific information and fix any servicing errors.

34. A redacted copy of Plaintiff's unsigned RESPA QWR to Nationstar is attached hereto as Exhibit "G" and is incorporated by reference herein.

35. On or about December 9, 2020, Nationstar responded to Plaintiff's QWR, but failed to provide an appropriate explanation, and failed to specifically answer Plaintiff's questions. Nationstar also failed to provide the specifically requested information. Instead, Nationstar provided boilerplate statements and objections, which do not apply to Plaintiff's letter, provided information and documents not requested and without explanation, stated the general conclusion that it did nothing wrong in servicing the Nationstar mortgage.

36. A redacted copy of Nationstar's response to Plaintiff's RESPA QWR is attached hereto as Exhibit "H" and is incorporated by reference herein.

37. Nationstar's response failed to provide the information requested as well as any explanation of the disputed servicing errors and as a result has failed to conduct any reasonable investigation of the errors described in Plaintiff's QWR in violation of RESPA.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

38. The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

39. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

40. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

41. Equifax knew or should have known of Plaintiff's loan payoff history and accurate payment history and, yet Equifax continued to prepare a patently false consumer report concerning Plaintiff.

42. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

43. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to

purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

46. The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

47. Equifax violated 15 U.S.C. § 168li on multiple occasions by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

48. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

51. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

52. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

53. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the

ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

54. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT IV – NATIONSTAR'S VIOLATION OF RESPA

55. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

56. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

57. Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

58. Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

59. Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

60. Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

61.     Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

62.     Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

63.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

64.     Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

65.     The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

66.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing

credit denials and other damages.

67. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

68. Defendants have negligently and/or willfully violated various provisions of the FCRA and Nationstar negligently and/or willfully violated RESPA are thereby liable unto Plaintiff.

69. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial and loss in his attempt to finance goods, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Edward Payne, pray that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for

Defendants' violations of the FCRA, Nationstar's violations of RESPA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that the CRA Defendant, Equifax Information Services LLC, and Furnisher Defendant, Nationstar Mortgage LLC work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show they are justly entitled.


Date Filed: <u>January 29, 2021</u>

                                        Respectfully submitted,

                                        */s/ Matthew P. Forsberg*
                                        Matthew P. Forsberg
                                        TX State Bar Number 24082581
                                        FCRA-TX@fieldslaw.com
                                        FIELDS LAW FIRM
                                        9999 Wayzata Blvd.
                                        Minnetonka, Minnesota 55305
                                        (612) 383-1868 (telephone)
                                        (612) 370-4256 (fax)


                                       By: */s/ Jonathan A. Heeps*
                                        Jonathan A. Heeps
                                        State Bar No. 24074387
                                        LAW OFFICE OF JONATHAN A. HEEPS

       Post Office Box 174372
       Arlington, Texas 76003
       Telephone (682) 738-6415
       Fax (844) 738-6416
       jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

<u>January 29, 2021</u>                              <u>*/s/ Matthew P. Forsberg*</u>
                                                              **Matthew P. Forsberg**